STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1043

WILLIAM EVANS RUSSELL

VERSUS

DEBORAH SHARP RUSSELL

Judgment Rendered: __APR 0 8 2022__

* * * * *

APPEAL FROM THE FAMILY COURT
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER F216548

HONORABLE CHARLENE CHARLET DAY, JUDGE PRESIDING

* * * * *

Deborah P. Gibbs
Baton Rouge, LA

Attorney for Plaintiff-Appellee
William Evans Russell

Richard Ducote
Victoria McIntyre
Covington, LA

Attorneys for Defendant-Appellant
Deborah Sharp Russell

* * * * *

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

**McDONALD, J.**

This is an appeal from a judgment that, in part, partitioned community property and awarded periodic spousal support. After review, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Dr. William Evans Russell (hereafter Dr. Russell) and Dr. Deborah Sharp Russell (hereafter Dr. Sharp) were married in 1984. They have six children together, only one of whom is still a minor. The parties separated on April 9, 2016. Dr. Russell filed a petition for divorce on February 15, 2019. Dr. Sharp filed an answer and reconventional demand maintaining in pertinent part that she was disabled, without employment, in necessitous circumstances, and in need of interim and final periodic support.

The parties were divorced on June 14, 2019. The parties entered into a stipulated judgment setting temporary child support and spousal support paid by Dr. Russell to Dr. Sharp.

The parties went to trial on the issues of final periodic support and the partition of the community of acquets and gains. Thereafter, the trial court rendered judgment that, in part, partitioned the community property and awarded Dr. Sharp final periodic support. Dr. Sharp appealed that judgment. She makes two assignments of error on appeal.

1. The trial court clearly erred as a matter of law and manifestly abused its discretion in not clearly deeming the Ameriprise account community property and in failing to award Appellant [Dr.] Sharp an additional $218,856.85 in the community property partition as her reimbursement for 50% of the $437,713.69 in community funds furtively withdrawn from the parties' joint Ameriprise account, without [Dr.] Sharp's knowledge or consent, and used for non-community purposes.

2. The trial court clearly erred and manifestly abused its discretion in failing to allocate to Dr. Sharp 50% of the remaining balance in the Ameriprise account.

2

## DISCUSSION

The only issue on appeal is the valuation and partition of the Ameriprise account. It is well settled that a trial court has broad discretion in adjudicating issues raised by divorce and partition of the community. A trial judge is afforded a great deal of latitude in arriving at an equitable distribution of the assets between the spouses. Factual findings and credibility determinations made in the course of valuing and allocating assets and liabilities in the partition of community property may not be set aside absent manifest error. **Benoit v. Benoit**, 2011-0376 (La. App. 1 Cir. 3/8/12) 91 So.3d 1015, 1019, writ denied, 2012-1265 (La. 9/28/12) 98 So.3d 838. However, the allocation or assigning of assets and liabilities in the partition of community property is reviewed under the abuse of discretion standard. **Lockhart v. Lockhart**, 2018-1690 (La. App. 1 Cir. 6/28/19), 2019 WL 2709055, *3.

Joint exhibits were entered into evidence at the start of the trial that included the value of every community asset except the family home.[1] This information established that the Ameriprise account was a community asset with a balance of $32,717.00 at the time of trial.

Dr. Russell testified that the account was comprised of funds that he inherited from his father and his aunt. Dr. Russell testified that on December 31, 2015, the Ameriprise account balance was $55,671.54. He testified that around $440,000.00 was removed from the Ameriprise account prior to that date. He explained that the funds in the account were used to pay off his aunt's loan and to invest in a joint venture with two hospitals in Zachary that ultimately lost money. Dr. Russell also stated that he used funds from the Ameriprise account to pay off the couple's

---

[1] At the trial, Dr. Sharp testified that she disagreed with the appraisal of the family home that was done by the court-appointed appraiser, Margaret L. Musso, and asked that a new appraisal be done. The trial court denied the request and noted that Dr. Sharp could have had her own appraisal conducted prior to the trial. The trial court accepted Ms. Musso's appraisal of the family home at $1,125,000.00.

mortgage on their home. The petition for divorce was filed on February 15, 2019, almost four years after most of the Ameriprise funds were spent.

At the trial, Dr. Sharp was asked by her attorney whether she agreed with the value of the Ameriprise account given on the joint detailed descriptive list. She stated "I don't object to what it clearly says on the statement. I simply object to the fact that it was liquidated without my knowledge or consent." Dr. Sharp testified that she employed Andrew Huffman in Covington to do "a forensic audit of all personal and business accounts and to find the community property." When asked if she was requesting reimbursement for those funds she stated "I have no evidence to make that claim." Mr. Huffman did not appear at the trial.

The Ameriprise account was in both parties' names, and it appears that the trial court accepted the Ameriprise account as community property. Louisiana Civil Code article 2346 provides that each spouse acting alone may manage, control, or dispose of community property unless otherwise provided by law.

The trial court denied Dr. Sharp's claim for reimbursement from funds spent from the Ameriprise account. Although Dr. Sharp employed an expert to audit the business and personal accounts, and paid him $10,000 for his work, she did not call him as a witness at the trial. Dr. Sharp failed to prove at the trial that any community funds from the Ameriprise account were used for anything other than a community purpose and stated that she had no evidence for her claim. The trial court allocated the funds in the Ameriprise account to Dr. Russell as a credit to him in the division of the community property.

The total assets of the community were found to be $1,311,392.00 and the community liabilities were stipulated to be $49,874.00. This left a total value of the community of $1,261,518.00. One half of that amount is $630,759.00. Dr. Sharp was allocated $144,128.00 in assets. Dr. Russell was allocated the rest of the assets, along with the debts. The parties stipulated that Dr. Russell had a reimbursement

4

claim against the community for property taxes that he paid in 2019 and 2020. One half of that reimbursement value, or $15,789.50, was assigned to each of the parties.

Dr. Sharp's equalizing payment from Dr. Russell was calculated by taking one-half of the community, or $630,759.00, and subtracting $144,128.00 for the community assets she was allocated and subtracting $15,789.50 that she owed to Dr. Russell for one-half of the property taxes. Therefore, the trial court awarded an equalizing payment of $470,841.50 to Dr. Sharp from Dr. Russell.

After a thorough review, we find no manifest error in the partition of the community property and no abuse of discretion in the allocation of assets and liabilities in the partition of the community property. See **Benoit**, 91 So.3d at 1019; **Lockhart**, 2019 WL 2709055, at *3.

## CONCLUSION

For the foregoing reasons, the trial court judgment is affirmed. Costs of the appeal are assessed against Deborah Sharp Russell.

**AFFIRMED.**